## Case No. 15,279.

### UNITED STATES v. HALE.

[4 Cranch, C. C. 83.] [1]

Circuit Court, District of Columbia. May Term, 1830.

FALSE PRETENCES—FALSE TOKEN.

An indictment for obtaining goods from a person, by the defendant, upon a false pretence that he was the master of a vessel, and a man of property and substance, and by exhibiting two letters to himself, written by strangers, and addressed to him by the name of Captain Edward Hale, from which it might be inferred that he was interested in some vessel, whereby the complainant was induced to sell certain goods to the defendant, upon his giving his note for the amount, ($50), at thirty days, does not set forth an offence indictable at common law, for want of such false tokens as the common law recognizes.

The indictment charged that the defendant, on the 5th of February, 1830, "unlawfully, knowingly, and designedly did falsely pretend to one James Green, that he, the said Edward P. Hale, was the captain and master of a vessel, and was a man of property and substance; and to gain credit with the said James Green, and to induce him to sell his furniture to him, the said Edward P. Hale, he, the said Edward P. Hale did exhibit and show to the said James Green, and to one John Muir, then acting as clerk to him, the said James Green, a letter directed to him, the said Edward P. Hale, under the name and style of 'Captain Edward Hale, Washington City,' which said letter is in the words and figures following;" (here the letter was copied into the indictment, dated, "Old Point Comfort, January 24, 1830," and signed, "J. Johnson." From this letter an inference might be drawn that the defendant was interested in a schooner, then in the possession of the writer,) "and one other letter directed to him, the said Edward P. Hale, by the name and style of Captain Edward P. Hale, Washington, D. C., which said letter is in these words and figures, to wit." (Here a copy of the letter is inserted in the indictment, dated "Washington, 16th January, 1830," and signed "Charles W. Muncaster," from which an inference might be drawn that the defendant had advertised a vessel for New Orleans.) "By means of which false pretences, the said Edward P. Hale did then and there obtain credit with the said James Green, and did, then and there, unlawfully, knowingly, and designedly purchase and obtain from him, the said James Green, one bureau of the value of fifteen dollars," (&c., amounting, in the whole, to $50,) "and did then and there pass his note towards the payment of the said articles, for the sum of fifty dollars, in thirty days from the date thereof, with intent then and there to defraud and cheat the said James Green of the said articles of furniture: whereas, in fact and in truth, the said

[1] [Reported by Hon. William Cranch, Chief Judge.]

Edward P. Hale was not then the captain or master of any vessel, and was not a man of property or credit; and whereas, also, the said Edward P. Hale, at the time he so purchased the said articles, as aforesaid, well knew that he was not able to pay the said note, so given for the payment of the said articles as aforesaid, nor did he ever pay the same, or any part thereof, to the said James Green, to the great damage and deception of the said James Green, to the evil example of all others in like cases offending, and against the peace and government of the United States."

Thomas Swann, for the United States.

Upon the trial, THE COURT, on motion of Mr. Coxe, for the defendant, instructed the jury, that the indictment did not set forth an offence indictable at common law, for want of such false tokens as the common law recognizes.

Verdict, "Not guilty."